IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANNA SPURLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | Jury Trial Demanded |
| PORTFOLIO RECOVERY ASSOCIATES, LLC ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

**INTRODUCTION**

1. This is an action brought by the Plaintiff, Anna Spurling, for actual and statutory damages, punitive damages, attorney's fee and costs for Defendant's negligent and willful violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter "FDCPA")

**JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d), 15 U.S.C. §1681p and 28 U.S.C. §1331, §1332 and §1367. (federal question jurisdiction).

3. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

4. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 3 above as if set forth fully herein.

5. Plaintiff, Anna Spurling, (hereafter referred to as "Plaintiff") is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant, Portfolio Recovery Associates, LLC (hereafter referred to as "Defendant") is a for-profit limited liability company organized in Delaware, with its principal office located at 120 Corporate Blvd, Ste. 100, Norfolk, Virginia, 23502-4952 and maintains Corporation Service Company, 2908 Poston Ave., Nashville, Tennessee, 37203-1312 as its registered agent for service of process.

7. Defendant was in all respects and at all times relevant herein doing business in the state of Tennessee.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

9. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

10. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 9 above as if set forth fully herein.

11. More than 6 years ago, Ms. Spurling fell behind on paying her bills, including the debt she allegedly owed for a Capital One Bank, N.A. account. At some point, the debt became defaulted and was allegedly acquired by Portfolio Recovery Associates, LLC who then sent her a

collection letter dated February 28, 2017. A copy of this collection letter is attached as Exhibit A.

12. The letter urges Plaintiff to pay the debt via various settlement options, and promised her "Single Payment Savings." Then, Defendant deliberately and surreptitiously stated in the letter:

> The law limits how long you can be sued on a debt and how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

However, the letter failed to state which entity had chosen not to sue, just Portfolio Recovery Associates, LLC or neither Portfolio Recovery Associates, LLC nor Capital One Bank N.A. The letter also fails to state the fact that neither of them could sue.

13. Neither Defendant nor Capital One Bank, N.A. could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Tennessee, namely Tennessee Code Annotated, §28-3-109(a)(3) (six years after the cause of action accrued).

14. The fact remains that there are no "savings" to be realized in paying a time-barred debt.

15. The failure of Defendant to disclose effectively that both Portfolio Recovery Associates, LLC. and Capital One Bank, N.A. could not sue is material. The lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendant that the debt needed to be paid.

16. Defendant's collection actions complained herein occurred within one year of the date of this Complaint.

3

Case 3:18-cv-00055-TRM-HBG   Document 1   Filed 02/14/18   Page 3 of 7   PageID #: 3

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Hartman v. Great Seneca Financial Corp., 569 F.3d 606, 612 (6th Cir. 2009).

**COUNT ONE: Vioation of § 1692e Of The FDCPA- False, Deceptive Or Misleading Collection Actions**

18. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above as if set forth fully herein.

19. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but no limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

20. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA. See, Pantoja v. Portfolio Recovery Assocs., 852 F. 3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F. 3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

21. Although, Defendant attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; b) they did not specify who had chosen not to sue; and c) they falsely claimed that payment would result in savings. Thus, Defendant's form letter violates § 1692e of the FDCPA , including § 1692e(5).

4

22. These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

23. Defendant's violations of § 16923 of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorney's fees. See, 15 U.S.C. § 1692k.

## COUNT TWO: Violation of § 1692f Of The FDCPA- Unfair Or Unconscionable Collection Actions

24. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 23 above as if set forth fully herein.

25. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, using unfair, unconscionable means to collect its debt in a violation of 15 U.S.C. §1692f.

26. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Defendants could not sue on the debt; b) they did not specify who had chosen not to sue; and c) they wrongly claimed that payment would result in savings. Defendants, by attempting to collect a time-barred debt, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

27. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay the debt to avoid being sued, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012).

28. Defendant's violations of §1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

5

## TRIAL BY JURY

29. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 28 above as if set forth fully herein.

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. Actual and/or statutory damages from Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

B. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k (a)(2);

C. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k (a)(3); and

D. Punitive damages in an amount to be determined by a jury; and

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 14th day of February, 2018.

Anna Spurling

BY: /S/ Cynthia T. Lawson____
CYNTHIA T. LAWSON, #018397
Bond, Botes & Lawson, P.C.
Attorney for Plaintiff
6704 Watermour Way
Knoxville, TN  37901
Phone: 86-938-0733
cynthialawson@bbllawgroup.com